UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                   :

BOLIVAR BUILDERS LLC et al.,         :

                     Plaintiffs,    :

                                        :         26 Civ. 3401 (LGS)

             -against-             :

                                          :

TRISURA SPECIALTY INSURANCE     :        **ORDER**
COMPANY et al.,                       :

                      Defendants.   :

                                          :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 24, 2026, Defendant Ohio Security Insurance Company ("Ohio Security") removed this action from the Supreme Court of the State of New York, Bronx County, on the basis of diversity jurisdiction. (Dkt. No. 1 ("Notice of Removal")). As explained below, Ohio Security has not established diversity jurisdiction.

**Legal Standard**

WHEREAS, a federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

WHEREAS, "the party invoking federal jurisdiction" bears the burden "to establish the existence of diversity jurisdiction."[1] *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019). A court must "resolve any doubts against removability." *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 911 (2d Cir. 2024).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

WHEREAS, for purposes of diversity jurisdiction, "courts must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 218 (2d Cir. 2013); *accord Keane v. Banks*, No. 25 Civ. 5104, 2026 WL 851342, at *2 (S.D.N.Y. Mar. 27, 2026). "Nominal parties are those that have no personal stake in the outcome of the litigation and who are not necessary to an ultimate resolution." *Keane*, 2026 WL 851342, at *2.

WHEREAS, under the doctrine of fraudulent joinder, courts disregard non-diverse defendants for purposes of diversity jurisdiction where the removing party "demonstrate[s], by clear and convincing evidence, . . . that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001); *accord Keane*, 2026 WL 851342, at *2.

**Ohio Security Has Not Established Diversity Jurisdiction**

WHEREAS, the Notice of Removal demonstrates that both Plaintiffs are citizens of New York for purposes of diversity jurisdiction. The Notice of Removal asserts that Plaintiff Bolivar Builders LLC is comprised of a sole member who is a resident and citizen of New York. The Notice of Removal asserts that Plaintiff CHV Bedford Park Housing Development Fund Corporation is organized under the laws of the state of New York and has its principal place of business in New York.

WHEREAS, the Complaint names as Defendants (1) Ohio Security, (2) Trisura Specialty Insurance Company ("Trisura"), (3) County Electrical Contractor Inc. ("County Electrical"), (4) Weldo NY, Inc. ("Weldo") and (5) Everado Colin Perea.

WHEREAS, the Complaint demonstrates that at least two of the Defendants -- County Electrical and Weldo -- are also citizens of New York for purposes of diversity jurisdiction. The

2

Complaint asserts that both Defendants have their principal place of business in New York.  The Complaint does not state where these Defendants were incorporated, which -- in addition to their principal place of business -- determines their citizenship for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1).

WHEREAS, Defendant Ohio Security argues that the citizenship of County Electrical and Weldo should be disregarded "because they are nominal parties and pursuant to the doctrine of fraudulent joinder."

WHEREAS, Ohio Security's arguments fail.  County Electrical and Weldo are not nominal parties with "no personal stake in the outcome of the litigation."  *Keane*, 2026 WL 851342, at *2.  To the contrary, they have a direct stake in the outcome of the action because they face potential liability.

WHEREAS, the instant action arises from an underlying personal injury action filed by Perea against Plaintiffs, alleging that Perea sustained injuries while working on Plaintiffs' construction project.  In the instant action, Plaintiffs seek co-insurance recovery from Ohio Security and Trisura for the claims asserted in the underlying action.

WHEREAS, the Complaint asserts that County Electrical and Weldo are contractually required to "indemnify, defend and hold harmless" Plaintiffs for damages arising out of work performed in connection with the construction project.  Thus, Plaintiffs could ultimately bring contractual indemnification claims against County Electrical and Weldo.  This fact gives County Electrical and Weldo a stake in the outcome of the instant action.  It also means that there is a "possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant[s] in state court."  *Whitaker*, 261 F.3d at 207.

3

WHEREAS, Ohio Security has failed to establish diversity jurisdiction because at least two Defendants share New York citizenship with Plaintiffs, and those two Defendants cannot be disregarded as nominal parties or pursuant to fraudulent joinder.

**Remand**

WHEREAS, a district court may *sua sponte* remand a case to state court when the party seeking removal has failed to establish diversity jurisdiction. *Platinum-Montaur*, 943 F.3d at 616. It is hereby

**ORDERED** that the matter is remanded to state court.

The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this Order to the Supreme Court of the State of New York, Bronx County, pursuant to 28 U.S.C. § 1447(c).

Dated: May 1, 2026
 New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE